# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE REESE, | CASE NO. 1:10-CV-01352-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| CDCR MEDICAL DEPARTMENT, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN 30 DAYS |

**Screening Order**

**I.  Background**

Plaintiff Bruce Reese ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was formerly in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff initiated this action by filing his complaint on July 28, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff was formerly incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants the CDCR Medical Department. Plaintiff specifically names Chief Medical Officer Enenmoh and physician's assistant Peters.[1]

Plaintiff alleges the following. Plaintiff was examined by Defendant Peters in January 2010. Defendant Peters was going to schedule Plaintiff for removal of a lipoma on the back Plaintiff's neck and spine. During the exam, Plaintiff was informed by Defendant Peters that because he was taking a blood thinner, Plaintiff was at high risk and the doctor refused to perform the procedure. Defendant also stated that sending Plaintiff to an outside hospital would be too expensive. Plaintiff has been in pain ever since he arrived at CDCR on June 12, 2009, and has been seeking medical treatment since. Plaintiff appealed this issue to the Director's level, and was denied.

Plaintiff seeks as relief an injunction for the treatment of his lipoma, and monetary damages.

///

///

---

[1] It is unclear whether Defendant Peters is a physician or not, as Plaintiff is unclear as to whether Defendant Peters examined him. The Court will assume that Plaintiff refers to Defendant Peters when referring to the examining physician.

### III.     Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim. Plaintiff alleges that Defendant Peters refused to remove Plaintiff's lipoma because Plaintiff was taking blood thinners. Plaintiff fails to allege sufficient facts that indicate Defendant Peters knew of and disregarded an excessive risk to Plaintiff's health. It appears that Defendant Peters considered the risks in performing a surgery on Plaintiff while Plaintiff was taking blood thinners, and decided that the risk of such a procedure outweighed the benefits. Plaintiff is thus alleging only a difference of opinion with the Defendant as to the appropriate course of treatment, which does not rise to the level of deliberate indifference. *Toguchi*, 391 F.3d at 1058.

Plaintiff also fails to state a claim against Defendant Enenmoh.  Section 1983 requires a Plaintiff to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff fails to allege how Defendant Enenmoh is liable.

If Plaintiff is alleging liability solely because of Defendant Enenmoh's supervisory title, Plaintiff also fails to state a claim.  The United States Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff alleges no facts that support a claim for supervisory liability against Defendant Enenmoh.

### IV.     Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

4

1 complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

2  If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

 Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

 Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

 Dated:    **March 18, 2011**      /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE